**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GEORGE ALFORD,

    Petitioner,                             Civil No. 2:09-11437
v.                                           HONORABLE ARTHUR J. TARNOW

C. ZYCH,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

George Alford, (Petitioner), presently on parole supervision with the Federal Bureau of Prisons (BOP), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the BOP and the U.S. Parole Commission have erroneously computed the expiration date of his federal sentence and have failed to credit his federal sentence for time spent by petitioner in state custody. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was arrested in Mississippi for possession of illegal drugs and firearms on March 18, 1981. On April 1, 1981, petitioner was released on bond. Petitioner's bond was raised on April 10, 1981 and petitioner was returned to custody. On June 10, 1981, petitioner was sentenced in the United States District Court for the Northern District of Mississippi to a 17-year term of imprisonment and three years' special parole for possession with intent to distribute a schedule II controlled substance and unlawfully carrying a firearm during a drug offense.

1

*Alford v. Zych,* 2:09-CV-11437

Petitioner was released on parole on May 9, 1985, with the expiration of his regular parole term scheduled for March 25, 1998. Petitioner's three year special parole term would begin upon the completion of the regular parole term.

On June 8, 1988, the Parole Commission issued a warrant for petitioner's arrest for violating the conditions of his parole based on criminal offenses that occurred in Oakland County, Michigan in April, 1988. Because petitioner absconded, the warrant could not be executed until he was apprehended more than five years later. On August 20, 1993, the United States Marshal's Service executed the parole violation warrant. The Commission revoked petitioner's parole and forfeited part of the time petitioner had spent on parole because he had absconded from parole supervision.

Petitioner was subsequently convicted in Oakland County Circuit Court of the charges stemming from the April, 1988 offenses. Petitioner was convicted of delivering cocaine, several firearms offenses, and operating under the influence of liquor. Petitioner was sentenced to state prison for these offenses on April 28, 1995. On August 13, 1996, the Parole Commission changed its earlier decision and forfeited all of the time petitioner had spent on parole because he had been convicted of new criminal offenses since his previous hearing in October of 1993.

The Parole Commission granted petitioner parole on August 20, 1998 and petitioner was released to the custody of the State of Michigan to serve his state sentences. Petitioner was subsequently released by the State of Michigan to the community and federal parole supervision until July 4, 2006. Petitioner's three year special parole term was scheduled to begin on July 4, 2006.

*Alford v. Zych,* 2:09-CV-11437

On February 20, 2004, the Commission terminated petitioner's supervision from regular parole based upon his good conduct. The three year special parole term commenced on this date and was set to expire on February 19, 2007.

Petitioner failed to comply with the conditions of special parole. On October 27, 2005, petitioner was sentenced in the Wayne County Circuit Court to 49 months to 20 years in prison term for possession with intent to distribute cocaine and ecstacy. On December 14, 2006, the Oakland County Circuit Court sentenced petitioner to one to fifteen years in prison for possession of cocaine.

In anticipation of these new criminal convictions, the Parole Commission on January 10, 2005 issued a special parole violation warrant which was lodged as a detainer against petitioner while he served his state sentences. This warrant was executed when petitioner completed his state sentences on November 25, 2008 and was returned to federal custody.

On January 22, 2009, the Commission advised petitioner that he was eligible for an "expedited revocation procedure" if petitioner agreed to accept responsibility for his violations, waive his right to a revocation hearing, and consent to revocation on the record. The Commission informed petitioner that if he consented, petitioner's parole would be revoked and he would forfeit all of the time he spent on parole. The Commission would grant petitioner parole on April 21, 2009, after he had served forty eight months in custody, including the forty three months that petitioner had spent in state custody. On February 2, 2009, petitioner accepted the expedited revocation proposal. Petitioner waived his right to a revocation hearing and his right to appeal the

3

decision. Attached to petitioner's signed acceptance of the proposal was a statement that petitioner believed he should receive credit towards the service of his special parole term for the time that petitioner had spent in state custody.

Petitioner was released to parole supervision on April 21, 2009. Petitioner is to remain on parole supervision until his federal sentence expires on November 24, 2011.

Petitioner has now filed a petition for writ of habeas corpus, in which he asserts that his three year special parole term expired before November 25, 2008, the date he was returned to custody as a federal parole violator. Petitioner further contends that he should have received credit towards his federal sentence for the time he served in custody on his state court sentences. Petitioner lastly claims that the BOP did not properly credit him with time spent in jail before he began the service of his federal sentence in 1981.

## II. Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C.§ 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). Petitioner's challenge to the Parole Commission's decision regarding his special parole term is properly brought under § 2241, because it involves a challenge to the execution of petitioner's sentence. *See Wright v. U.S. Bd. of Parole*, 557 F. 2d 74, 77 (6th Cir. 1977). Likewise petitioner's claim that the BOP failed to grant him credit for the time that he spent in state custody involves a challenge to the execution of his sentence and

4

*Alford v. Zych,* 2:09-CV-11437

is properly brought in a § 2241 habeas petition. *See e.g. Stevenson v. U.S.,* 495 F. Supp. 2d 663, 664 (E.D. Mich. 2007). [1]

At the time of petitioner's sentence, 21 U.S.C. § 841(c) required the court to sentence him to a mandatory period of special parole because he was convicted of a drug crime. [2] Special parole is different, however, from regular parole, in three aspects:

    1. special parole follows the term of imprisonment, while regular parole entails release before the end of the prison term;

    2. special parole is imposed, and its length selected, by the sentencing judge, rather than the Parole Commission; and,

    3. If the conditions of special parole are violated, the parolee is returned to prison to serve the entire parole term, and does not receive any credit for the time spent in non-custodial supervision.

*Urbina v. Thoms,* 270 F. 3d 292, 295 (6th Cir. 2001).

Petitioner was released on his three year special parole term on February 20, 2004, which was to expire on February 19, 2007. The Parole Commission, however, issued a parole violation on January 10, 2005. The issuance of this parole violation warrant "operates to bar the expiration of the parolee's sentence" and "maintains the Commission's jurisdiction to retake the parolee either before or after the normal

---

[1] Respondent contends that by accepting the expedited parole revocation proposal, petitioner has waived his right to challenge the Parole Commission's actions. Respondent has cited to no cases that stand for this proposition nor has this Court been able to find any cases on point. Accordingly, this Court declines to find that petitioner's claims are waived.

[2] This statutory provision was repealed by the Anti-Drug Abuse Act, Pub.L. No. 98-473, Title II, § 224(a)(2), 98 Stat. 2030 (1984). Special parole has been replaced in all sentencing provisions with "supervised release."

5

<em>Alford v. Zych,</em> 2:09-CV-11437

expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c)." See *Dietz v. Sanders,* 100 Fed. Appx. 334, 339 (6th Cir. 2004)(quoting 28 C.F.R. § 2.44(d)).

Petitioner's sentence did not start to run again until the parole warrant was executed on November 25, 2008. *See Barrier v. Beaver,* 712 F. 2d 231. 236 (6th Cir. 1983). Thus, petitioner's three year special parole term did not expire on November 25, 2008, as he claims.

When the Parole Commission revoked petitioner's special parole term after petitioner accepted the expedited revocation proposal, the Commission forfeited all of the time that petitioner had spent on special parole. A parolee who violates special parole is not entitled to credit for the time that was spent on special parole and can therefore be reimprisoned for his entire parole term regardless of how much time was spent on parole. *See Dolfi v. Pontesso,* 156 F. 3d 696, 697 (6th Cir. 1998). Moreover, the Parole Commission's regulations provide that a federal parolee who is subsequently convicted of a new criminal offense "forfeit[s the] time from the date of such release to the date of execution of the warrant." *Dietz v. U.S. Parole Com'n*, 260 Fed. Appx. 763, 768 (6th Cir. 2008)(quoting 28 C.F.R. § 2.52(c)(2)). These regulations "do not make an exception for the time spent imprisoned pursuant to the new conviction even though they contemplate the possibility that such imprisonment could occur." *Id.* The time spent on special parole that can be forfeited includes the time that a federal prisoner spent in state custody for criminal offenses that he or she committed during the special parole term. *See Weeks v. Quinlan,* 838 F. 2d 41, 44-46 (2nd Cir. 1988).

<em>6</em>

*Alford v. Zych,* 2:09-CV-11437

Additionally, the U.S. Parole Commission has the authority to run a parole violator term consecutively to or concurrently with a sentence that is imposed upon that parole violator for a new offense. *See Moody v. Daggett,* 429 U.S. 78, 91, n. 4 (1976)(citing 18 U.S.C. § 4210(b)(2)). The Parole Commission thus has the discretion "to require parole violators to consecutively serve an intervening state sentence and the remaining portion of their underlying federal sentence." *Evans v. U.S. Parole Com'n*, 816 F.2d 679 (Table); 1987 WL 37167, * 1 (6th Cir. April 22, 1987). The time spent in state custody can be credited by the Parole Commission only for the purpose of the reparole guidelines and not towards the time remaining on the federal sentence. *See Joiner v. Henman,* 902 F. 2d 1251, 1254 (7th Cir. 1990); 28 C.F.R. § 2.21(c). Petitioner received forty three months credit for the time spent in state custody towards the service of the parole violation guidelines. Petitioner is therefore not entitled to additional credit towards his federal sentence for the time spent in state custody.

Petitioner finally claims that the BOP did not credit him for the time that he spent in jail before he began serving his federal sentence in 1981. Petitioner's claim is belied by the record, which shows that petitioner received 76 days credit for the time spent in custody prior to sentencing. Petitioner is not entitled to habeas relief on his claim.

The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

7

*Alford v. Zych,* 2:09-CV-11437

### III. ORDER

Based upon the foregoing, the Petition for a Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel is **DENIED.**

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 9, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 9, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary